

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-16-00281-CV**

**IN THE INTEREST OF A.S., J.S., A.S., AND D.S., CHILDREN**

**From the County Court at Law**
**Bosque County, Texas**
**Trial Court No. CV15247**

**MEMORANDUM OPINION**

Candice and Daniel S. appeal separately from a judgment that terminated their parental rights to their children, A.S., J.S., A.S., and D.S.  TEX. FAM. CODE ANN. § 161.001(b)(1) (West 2014).  Candice complains that the evidence was factually insufficient for the jury to have found that termination was in the best interest of the children.  Daniel complains that the evidence was legally and factually insufficient for the jury to have found the predicate grounds for termination and that termination was in the children's best interest.  Because we find that Candice did not preserve her complaint by filing a motion for new trial, we overrule her sole issue and affirm the judgment as it relates to Candice.  Because we find that the evidence was legally and factually sufficient for the

jury to have found that Daniel failed to complete his service plan and that termination was in the best interest of the children, we affirm the judgment relating to Daniel.

## CANDICE

In her sole issue, Candice complains that the evidence was factually insufficient for the jury to have found that termination of the parent-child relationship was in the children's best interest. However, Candice did not file a motion for new trial. In order to complain on appeal, a party must file a motion for new trial to preserve a factual sufficiency challenge. TEX. R. CIV. P. 324(b)(2); *In re A.M.*, 385 S.W.3d 74, 79 (Tex. App.—Waco 2012, pet. denied). We conclude that Candice failed to preserve the factual sufficiency complaint made in her sole issue. *In re A.M.*, 385 S.W.3d at 79. Accordingly, we overrule Candice's sole issue.

## DANIEL

### PREDICATE GROUNDS

In his first issue, Daniel complains that the evidence was legally and factually insufficient for the jury to have found that he (1) voluntarily left the children in the possession of another without providing adequate support of the children and remained away for a period of at least six months; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; (3) had been convicted or placed on community supervision for being criminally responsible for the death or serious injury of a child; (4)

constructively abandoned the children; and (5) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(C), (E), (L), (N), & (O). Only one statutory predicate ground is necessary to support termination of parental rights when there is a finding of best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").

Termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001(b), 161.206(a). Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

In evaluating the evidence for legal sufficiency in parental-termination cases, we determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). We review all the evidence in the light most favorable to the finding and judgment, and resolve any disputed facts in favor of the finding if a reasonable factfinder could have done so. *Id*. We disregard all contrary evidence that a reasonable factfinder could have disbelieved. *Id*. We consider undisputed evidence even if it is contrary to the finding. *Id*. In other words, we consider evidence favorable to termination

if a reasonable factfinder could, and we disregard contrary evidence unless a reasonable factfinder could not. *Id*. We do not weigh credibility issues that depend on the appearance and demeanor of the witnesses, for that is solely the province of the factfinder. *Id*. at 573-74. Even when credibility issues appear in the record, we defer to the factfinder's determinations as long as they are reasonable. *Id*. at 573.

In reviewing the factual sufficiency of the evidence, we give due deference to the factfinder's findings and do not supplant the factfinder's judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that the parent committed the predicate ground alleged and that the termination of the parent-child relationship would be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(1); *see In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief in the truth of its finding, then the evidence is factually insufficient. *In re H.R.M.*, 209 S.W.3d at 108.

Section 161.001(b)(2)(O) of the Family Code provides that parental rights may be terminated if a parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of

the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(O). Daniel argues that he substantially complied with the service plan and because of this, the evidence was insufficient to terminate his parental rights on this basis.

This Court has long held that we do not consider "substantial compliance" to be the same as completion for purposes of subsection (O) of the Family Code, nor does that subsection provide for excuses for failure to complete court ordered services. *See In re T.N.F.*, 205 S.W.3d 625, 630-31 (Tex. App.—Waco 2006, pet. denied) (emphasizing that parents must comply with every requirement of the court order and that subsection (O) does not allow for consideration of excuses for noncompliance).

The evidence is undisputed that Daniel did not complete every requirement of the service plan. He was ordered to complete a psychological evaluation, which he did later in the proceedings, and was to follow its recommendations which included a requirement to attend a behavioral intervention program, which he did not do. Daniel was ordered to participate in therapy and follow all recommendations, but his attendance was extremely sporadic, with him missing scheduled sessions. Daniel was required to maintain housing and employment during the case, but failed to do both. However, he and Candice were living in a residence at the time of trial and he had been working at a job for a few months. Daniel had only provided one paystub to the Department during the entire case showing that he made $300. He had four jobs and he and Candice had

multiple residences throughout the proceedings. Daniel and Candice were even homeless at one point after having to leave his family's residence. After reviewing the evidence under the appropriate standards, we determine the evidence to be legally and factually sufficient to prove that Daniel failed to complete his court-ordered service plan. Accordingly, termination of his parental rights was proper pursuant to section 161.001(1)(O).

Because it is only necessary that we determine the evidence was legally and factually sufficient as to one predicate ground under section 161.001(b)(1), we will not address the sufficiency of the evidence relating to sections 161.001(1)(C), (E), (L), or (N). Issue one is overruled.

## BEST INTEREST

In his second issue, Daniel complains that the evidence was legally and factually insufficient for the jury to have found that termination was in the children's best interest. There are several nonexclusive factors that the trier of fact in a termination case may consider in determining the best interest of the child, which include: (a) the desires of the child, (b) the emotional and physical needs of the child now and in the future, (c) the emotional and physical danger to the child now and in the future, (d) the parental abilities of the individuals seeking custody, (e) the programs available to assist these individuals to promote the best interest of the child, (f) the plans for the child by these individuals or by the agency seeking custody, (g) the stability of the home or proposed placement, (h)

the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one, and (i) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors are not exhaustive. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Some listed factors may be inapplicable to some cases while other factors not on the list may also be considered when appropriate. *Id*.

The children were removed from their parents after Daniel slapped J.S. so hard that it left a substantial bruise on his face and neck. Daniel ultimately pled guilty to injury to a child for this offense and was placed on community supervision. Their home was also found to be very unsanitary at the time of the removal. The children were initially placed with Daniel's father, but that placement ended when Daniel's father was unable to meet the children's needs. The children all had special needs. The children were placed in a children's home in Lubbock where A.S., A.S., and D.S. showed improvement during the pendency of the proceeding. J.S. continued to have behavioral problems which resulted in his placement at a residential treatment facility a couple of months before the jury trial, and this placement would only continue after the trial if the Department was the managing conservator of the children or if Daniel and Candice paid for it directly.

There was a substantial history of domestic violence, both physical and sexual, between Daniel and Candice, and Daniel admitted to raping Candice. Candice told the caseworker she was fearful of Daniel, but Candice reconciled with Daniel after he was released from jail because he apologized to her, which she said he had never done before.

The children exhibited significant anger and fear toward their father, and told their therapist that both Candice and Daniel would hit all of them regularly. A.S. and J.S. were only slightly bonded to Daniel. The children exhibited emotional distress at their placement due to the trauma they had previously suffered, and made multiple outcries of abuse against their parents. Although at times the children were jealous of other children at the home who visited with their parents, their therapist did not recommend that Daniel have contact with the children. A.S., J.S., and A.S. were all in therapy and therapy would continue if the Department remained the children's conservator. D.S. was too young at the time of trial for counseling to be of benefit to him, but it would also be available to him in the future if needed.

Daniel had four different jobs during the pendency of the case, and he and Candice had moved multiple times and were at times homeless. Daniel and Candice testified that at the time of the trial they had established a residence and Daniel had a job for several months that he intended to keep. Candice and Daniel had prior CPS involvement from Georgia for failing to maintain suitable housing for the children when they resided there.

Candice was suffering from severe depression, which Daniel believed would be fully resolved if the children were returned; however, Candice had been suffering from depression prior to the removal and Candice and Daniel claimed that it was a cause of her inability to maintain the residence in a satisfactory condition.

Daniel did not complete therapy, the behavioral intervention program, pay any child support, or visit with the children during the pendency of the proceedings. Daniel blamed these failures on a lack of transportation, the Department's refusal to work with him, and his work schedule.

Using the appropriate standards for reviewing the legal and factual sufficiency of the evidence, we find that the evidence was both legally and factually sufficient for the jury to have found that termination of Daniel's parental rights was in the best interest of the children. We overrule Daniel's second issue.

## CONCLUSION

Having found no reversible error, we affirm the judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed April 19, 2017
[CV06]

